IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-01-765 |
| § | CIVIL ACTION NO. H-07-1356 |
| MORRIS BROWN OKOLO, § | |
| § | |
| Defendant-Petitioner. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION FOR DISMISSAL**

Before the Magistrate Judge is Petitioner Morris Brown Okolo's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 334), and the United States' Response and Motion for Dismissal (Document No. 339). After having reviewed the Government's motion, Okolo's previous § 2255 motion (Document No. 296), and the claims raised herein, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion for Dismissal be GRANTED, and that Okolo's § 2255 motion be DISMISSED WITHOUT PREJUDICE.

Okolo was charged on October 10, 2001 with conspiracy to commit bank fraud (count 1), conspiracy to commit money laundering (count 2) and aiding and abetting bank fraud (counts 3-37). (Document No. 1). On May 23, 2002, following a three day trial, a jury found Okolo guilty on all counts. (Document No. 158). Okolo was then sentenced by the District Court to 168 months confinement. (Document No. 261). Okolo's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on December 30, 2003. (Document Nos. 283 & 284). On December 6, 2004, Okolo timely filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence

(Document No. 296), in which he alleged that his sentence was enhanced in violation of his Sixth Amendment right to jury trial, and that he had been denied the effective assistance of trial and appellate counsel.  Final judgment denying the § 2255 motion was entered by the District Court on May 1, 2006.  (Document No. 312).  On October 26, 2006, the District Court denied Okolo a certificate of appealability.  (Document No. 333).  On April 17, 2007, Okolo filed this, his second § 2255 Motion to Vacate, Set Aside or Correct Sentence.  (Document No. 334).  The Government has moved for dismissal, arguing that this Court is without jurisdiction to entertain Okolo's second § 2255 motion because Okolo has not obtained permission from the Fifth Circuit Court of Appeals to file such a second motion.  (Document No.  338).

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

In turn, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a

successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

A § 2255 motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244, 2255 if it: "'1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Here, the claims Okolo raises in his second § 2255 motion are claims that Okolo could have raised in his first § 2255 motion.[1] As such, the § 2255 motion filed by Okolo on April 17, 2007, is a second or successive motion within the meaning of §§ 2244 and 2255. In addition, because there is nothing in the record to indicate that Okolo sought and received the appropriate certification from the Fifth Circuit Court of Appeals prior to filing his second or successive § 2255 motion, or that since the filing of the motion he has obtained the

---

[1] Okolo raises a litany of constitutional claims in his second § 2255 motion. For example, he alleges : 1) that the criminal act he was charged with is not enumerated in the Constitution; 2) that the United States Code has not been adopted as official law of the United States; and 3) violations of his sixth, eighth, and fourteenth Amendment rights. These are all claims Okolo could have raised in his first motion, and do not include newly discovered evidence or a new rule of Constitutional law.

necessary certification, the District Court is without jurisdiction to entertain this § 2255 proceeding. Therefore, Okolo's current § 2255 motion (Document No. 334) should be dismissed without prejudice for lack of jurisdiction, and the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 339) be GRANTED, and that Okolo's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 334) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. In light of the foregoing, it is also RECOMMENDED that Okolo's Motion for Redress of Grievances (Document No. 340) and Motion for Issuance of Order of Rule NISI (Document No. 341) both be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 30 th day of July , 2007.

Frances H. Stacy
United States Magistrate Judge